# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH LEONARD LONG,**

    Petitioner,

  v.                                                    Case No. 17-CV-402

**BRIAN FOSTER,**

    Respondent.

## DECISION AND ORDER ON RESPONDENT'S MOTION TO DISMISS

Kenneth Long filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Petition, Docket # 1.) Long was sentenced to a total term of thirty years initial confinement followed by fifteen years of extended supervision after a jury convicted him of first-degree sexual assault with the use of a dangerous weapon and kidnaping. Long claims that his conviction and sentence were unconstitutional.

The respondent has filed a motion to dismiss Long's habeas petition on the grounds that Long's claims are either procedurally defaulted, not cognizable grounds for habeas relief, or both. (Docket # 17.) For the reasons stated below, the respondent's motion to dismiss will be granted.

## FACTUAL BACKGROUND

On May 29, 2014, a Milwaukee County jury convicted Long of first-degree sexual assault with the use of a dangerous weapon and kidnaping. (Exh. 1 to Resp. Br. in Supp. of Mot. to Dismiss ("Resp. Br.") at 1-3, Docket # 17-1.) Long was sentenced to a total term of thirty years initial confinement followed by fifteen years of extended supervision. *Id.* Long

directly appealed his judgment of conviction to the Wisconsin Court of Appeals arguing that his arrest was illegal, he was not brought before a magistrate judge within forty-eight hours of his arrest as required by *County of Riverside vs. McLaughlin*, 500 U.S. 44 (1991), and his confession was involuntary. The court of appeals affirmed Long's convictions concluding that Long either forfeited or failed to adequately develop his arguments.

Long then petitioned the Wisconsin Supreme Court for review of the Wisconsin Court of Appeals' decision raising the same arguments in the supreme court that he did in the court of appeals. On October 11, 2016, the supreme court denied Long's petition. On March 20, 2017, Long filed this petition for habeas relief.

**ANALYSIS**

A claim is procedurally defaulted when a state court does not reach a federal issue because of a state procedural bar. *Jenkins v. Nelson*, 157 F.3d 485, 491 (7th Cir.1998). In order to conclude that a petitioner has procedurally defaulted a claim due to an adequate and independent state ground, this Court "must be convinced that the last state court to consider the question actually relied" on a procedural ground "as the basis for its decision." *Braun v. Powell*, 227 F.3d 908, 912 (7th Cir. 2000) (internal citations omitted). The state court's reliance on a procedural rule therefore must be explicit. *See id.* Furthermore, to be an adequate ground of a decision, the state's procedural rule must be "firmly established and regularly followed," applied in a "consistent and principled way," and the petitioner must be deemed to have been fairly apprised of its existence at the time he acted. *Id.* (internal quotations and citations omitted). A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default or

he can establish that the denial of relief will result in a miscarriage of justice. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004) (citing *Wainwright v. Sykes*, 433 U.S. 72, 86–87 (1977)).

To prove cause, the petitioner must show "that some type of external impediment prevented [him] from presenting his federal claim to the state courts." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986)). In order to establish prejudice, the petitioner must show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* (citing *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). The miscarriage of justice exception requires that the petitioner "show that he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found him guilty of the crime but for the error(s) that he attributed to the state court." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)).

Long asserts four grounds for relief: (1) his arrest was illegal because it was not supported by probable cause; (2) he was not brought before a judge for a timely probable cause hearing; (3) he was searched and seized illegally; and (4) his statement was inadmissible because it was the fruit of his illegal arrest. (Docket # 1.)

Before the court of appeals, Long argued that (1) his arrest was illegal; (2) he was not timely brought before a magistrate after his arrest; and (3) his confession was involuntary. (Docket # 17-3.) The court of appeals found that Long had not adequately briefed his claim that his arrest was illegal and did not consider it. As to Long's claim that he was not timely brought before a judge after his arrest, the court of appeals found that Long forfeited the issue because he did not raise it before trial. Accordingly, because the court of appeals decided those two claims on independent state grounds, Long's Ground One (arrest without

3

probable cause) and Ground Two (untimely presentation to a judicial officer after arrest) are procedurally defaulted. Further, Long has not shown any of the exceptions to overcome the procedural default.

Long's claim that he was searched and seized illegally (Ground Three) is a Fourth Amendment violation claim which is foreclosed by *Stone v. Powell*, 428 U.S. 465, 486 (1976). I had alerted Long to this but gave him the opportunity to show that he could meet the narrow exception for federal habeas review of a Fourth Amendment claim. After careful review of Long's brief, I find that he has not shown that he falls into the narrow exception of not being afforded the opportunity for full and fair consideration of the Fourth Amendment claim before the state courts . *See Sutton v. Pfister*, 834 F.3d 816, 820 (7th Cir. 2016).

Finally, in Ground Four, Long asserts that his confession was inadmissible because of his illegal arrest. Before the court of appeals, Long argued that his confession was involuntary because the police deceived him in order to obtain it. (Docket #17-3). The court of appeals found that Long forfeited his involuntary confession argument because it was not raised before trial. To the extent Long seeks to raise in Ground Four the same involuntary confession argument that he raised before the court of appeals, that argument is procedurally defaulted because the court of appeals decided it on independent state grounds. Further, Long has not shown that he meets any of the exceptions for overcoming the procedural default on this ground.

To the extent Long now argues that the confession is unconstitutional because it was a fruit of his illegal arrest, Long is asserting a Fourth Amendment claim. In other words, to reach the issue of the confession being a fruit of the alleged illegal arrest, I would need to

first address whether the arrest itself was illegal. As stated above, Fourth Amendment violations are not cognizable claims for federal habeas review.

In sum, because Long's claims are either procedurally defaulted or not cognizable grounds for habeas relief, Long's habeas petition will be dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

When, as here, the case is resolved on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Section 2253 mandates that both showings be made before a certificate of appealability is granted. *Id.* at 485. Each component of the § 2253(c) showing is part of a threshold inquiry; thus, the court need only address one component if that particular showing will resolve the issue. *Id.*

Jurists of reason would not find it debatable that this Court's procedural ruling was correct. Thus, I will deny Long a certification of appealability. Of course, Long retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 16) is **GRANTED** and the petitioner Long's petition for a writ of habeas corpus (Docket # 1) is **DENIED**. Long's motion to supplement (Docket # 12) is **GRANTED.**

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 2nd day of March, 2018.

BY THE COURT
*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge