**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**KENNETH LEONARD LONG,**

  Petitioner,

 v.              Case No. 17-CV-402

**BRIAN FOSTER,**

  Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

  Kenneth L. Long filed a petition for a writ of habeas corpus. (Docket # 1.) The respondent filed a motion to dismiss Long's habeas petition on the grounds that Long's claims are either procedurally defaulted, not cognizable grounds for habeas relief, or both. (Docket # 16.) I granted the motion and dismissed the case. (Docket # 20.) Presently before me is Long's motion for reconsideration, which I construe as a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). *See Taylor v. Wexford Health Services, Inc.*, 465 Fed. Appx. 561, 562 (7th Cir. 2012) (citing *Ho v. Taflove*, 648 F.3d 489, 495 nn. 4-5 (7th Cir. 2011) (finding the district court correctly deemed a motion for reconsideration to be a motion pursuant to Fed. R. Civ. P. 59(e) (rather than Fed. R. Civ. P. 60(b)) when filed less than 28 days after the entry of judgment).

  Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)

(quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

Long's motion for reconsideration does not present any newly discovered evidence. The motion also does not present new facts or show there has been a manifest error of law. Long's motion merely rehashes previously made arguments. Accordingly, Long's motion for reconsideration is denied.

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion for Reconsideration (Docket # 22) is **DENIED**.

Dated at Milwaukee, Wisconsin this 6th day of April, 2018.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge